UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VILCAI D. VILIER

Plaintiff,

v.

CASE NO. 09-CV-00730-UA-SPC

SUNRISE SENIOR LIVING, INC.

Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of this Court, Plaintiff Vilcia D. Vilier and Defendant Sunrise Senior Living, Inc. ("Sunrise"), hereby stipulate to the following Protective Order:

1. In connection with discovery proceedings in this action, the parties hereby designate certain documents, materials, testimony or other information derived therefrom (collectively, "documents"), as confidential:

    a. All documents that reference or relate to residents of Sunrise;

    b. All documents that concern or relate to the internal operations of Sunrise, including, but not limited to, its methods of assessing residents and potential residents, care administered to specific residents, business and marketing plans, sales plans and results, pricing structures, employee lists, non-public financial data, and other proprietary information;

    c. All documents that reference or contain identifying information about any resident or former resident of Sunrise;

d.  Medical records of any nature from hospitals, physicians, physical therapists, psychologists, psychiatrists, and any other health care provider of Plaintiff by which Plaintiff has been seen or sought treatment;

e.  Any document produced by the parties that contains non-public personal information relating to any current or former employee or applicant of Sunrise other than Plaintiff;

f.  Other information such as personnel files, business, personal, financial, or other sensitive information which counsel for a party in good faith believes warrants protection of this Protective Order; and

g.  All documents the parties may otherwise stamp with the legend "CONFIDENTIAL," on the condition that the party asserting confidentiality immediately provide an explanation of the legal basis for the confidentiality claim.

2.  The parties agree that disclosure of the foregoing information may have the effect of causing competitive, or other, harm to Sunrise, or may cause harm to Plaintiff or Sunrise's current and former residents or employees.

3.  The parties certify to the Court that there is good cause based in law and in fact for the designation of the documents in Paragraphs 1(a) through 1(f) (hereafter "Confidential Material") as confidential, within the meaning of Federal Rule of Civil Procedure 26(c).

4.  By designating a document with the legend "CONFIDENTIAL" pursuant to Paragraph 1(g), the party making the designation is certifying to this Court that there is good cause based both in law and in fact for the designation of the document as Confidential Material, within the meaning of Federal Rule of Civil Procedure 26(c).

5. Confidential Material, whether in the form of documents, testimony, and material identified as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced in this case may be disclosed or made available only to the Court, any jury empanelled to hear this case, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to "qualified persons" designated below:

   a. a party, or an officer, director, or employee (or former officer director, or employee) of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   c. stenographic and videographic reporters:

   d. a witness in this action; and

   e. any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each person identified as a "qualified person" according to Paragraphs 6(b) through 6(e) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each party.

7. I f Confidential Material, including without limitation any portion of a deposition transcript, summaries, charts, and expert reports containing Confidential Material, is included in

any papers to be filed in Court by a party, that party must follow the Court's procedures for filing documents under seal, unless the non-filing party agrees in advance that it is not necessary to attempt to file the Confidential Material under seal.

8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation or any party or the absence thereof.

10. The parties and all persons having access to the Confidential Material are prohibited from utilizing any such information for any purpose other than to obtain or offer evidence in this case. Specifically, the parties are prohibited from disclosing the Confidential Material to any third party except as provided herein.

11. The foregoing is without prejudice to the right of either party to apply to the Court for further direction with respect to matters subject to this Order or for the modification of the terms of this Order, for good cause shown. Furthermore, nothing in this Order shall limit the right of any party to object to the designation as Confidential Material of any documents produced. If such an objection is lodged, the information will continue to be treated as

Confidential Material as defined in this Order until the matter is resolved by the parties or the Court.

12. Neither the provisions of this Order nor this Order constitute an admission or agreement that any Confidential Material is subject to discovery or is admissible as evidence in this action. Designation of anything as Confidential Material shall have no meaning or effect whatsoever with respect to the substantive issues in this action or the claims or defenses of either the Plaintiff or Defendant.

13. All new parties hereafter brought into this action, and their counsel, shall be bound by the terms of this Order.

14. Within forty-five (45) days after the conclusion of this action, to include dissolution of any injunctions entered by the Court, and including any appellate proceedings, all Confidential Material produced during the course of this action shall be returned to the producing party or in the alternative counsel will certify to the other parties that produced Confidential Material has been destroyed.

15. The Order shall survive the final termination of this action, as to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information described herein.

**On Behalf of Plaintiff:**

DATED: March 31, 2010                       /s/ w/ permission by SAH
                                            Jason S. Remer (Bar #0165580)
                                            Remer & Georges-Pierre, PLLC
                                            Biscayne Centre, Suite 288
                                            11900 Biscayne Boulevard
                                            North Miami, Florida 33181

**On Behalf of Defendant:**

DATED: March 31, 2010

/s/ by SAH Charles Wachter (Bar #509418)
charles.wachter@hklaw.com
HOLLAND & KNIGHT
100 North Tampa Street
Suite 4100
Tampa, FL 33602
813-227-6337
813-229-0134 (facsimile)

Susan F. Wiltsie (*pro hac vice*)
swiltsie@hunton.com
Scot A. Hinshaw (*pro hac vice*)
shinshaw@hunton.com

HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
202-955-1500
202-862-3600 (facsimile)

PURSUANT TO STIPULATION, IT IS SO **ORDERED** this __5th__ day of April, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE